[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a petition filed by the Department of Children and Families (hereinafter the "Department") which seeks to terminate the parental rights of Wayne C. to his child Andrew C., date of birth. The petition was filed on 10/22/01. The mother of Andrew is contesting the termination of her parental rights.
A default trial was held on 12/13/01. The Court finds that Wayne C. was duly served, and has never appeared in court since the filing of the petition nor applied for court-appointed counsel. The court has jurisdiction over this matter; there is no pending action affecting custody of this child in any other court; and reasonable and diligent efforts have been made to locate the father and reunify him with his child.
The Department seeks termination of the parental rights of Wayne C. on the grounds that the child has been abandoned by his father in the sense that he has failed to maintain a reasonable degree of interest, concern, or responsibility as to the welfare of his child; that the child has been found in a prior proceeding to have been neglected or uncared for and the father has failed to achieve such degree of personal rehabilitation as would encourage the belief that, within an reasonable time, considering the age a needs of the child, he could assume a responsible position in the life of the child; and that there is no ongoing parent-child relationship with respect to the father that ordinarily develops as a result of a parent having met on a continuing, day to day basis the physical, emotion, moral or educational needs of the child and to allow further time for the establishment or re-establishment of the parent-child relationship would be detrimental to the best interests of the child.
This Court, having reviewed the verified petition and other evidence presented at trial, and having heard the testimony of Elizabeth Adzenyah, Department social worker, makes the following factual findings and reasonable inferences supported by those findings:
FINDINGS OF FACT
Andrew went into the care of the Department pursuant to an Order of Temporary Custody (hereinafter "OTC") on 8/24/00. He was committed to the Department on 9/15/00. On 8/23/01 his commitment was extended to 9/15/02. Mr. C. was present in court on the date of commitment, however, he was not acknowledging paternity and remained silent as to the petition CT Page 1297-ax pending the results of paternity testing which was ordered. Specific Steps were not ordered by the court for Mr. C. due to his decision to do nothing until getting the paternity results. The paternity test was completed in September, 2000, which determined that Wayne C. is the father of Andrew. Mr. C. has not attended court on any hearings concerning his child, including the extension hearing, since the commitment on 9/15/00.
ADJUDICATION
The Court finds by clear and convincing evidence, that Andrew C. has been abandoned by his father. Since December, 2000 the Department offered Mr. C. weekly visitation with his son. Since Andrew's birth, Mr. C. visited with him on approximately six (6) occasions. Mr. C. has failed to visit with Andrew since 6/29/01. Mr. C. has failed to maintain regular contact with the Department to inquire about said child's well being or to express an interest in him. He has never sent cards or gifts for Andrew. He has never paid child support on behalf of this child.
The Court finds that the petitioner has established by clear and convincing evidence, that Wayne C. has failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of this child, he could assume a responsible position in the life of his child. C.G.S. Sec. 17a-112
(c). Since confirmation of paternity, the Department has attempted on several occasions to engage father in services to assist him with reunification with his son. Expectations were outlined for him in Treatment plans and he was invited to Administrative Case Reviews. He failed to attend any Administrative Case Reviews. Issues that father needed to address in order to facilitate reunification with Andrew were substance abuse problems, housing and employment. The Department referred Mr. C. to the Genesis Center for a substance abuse evaluation. Mr. C. received notification of the appointment but failed to show. He has never completed a substance abuse evaluation nor engaged in any substance abuse treatment. Mr. C. has in fact never offered his home to this child. The Department last heard from Mr. C. in August, 2001. Father has done virtually nothing since his child's removal, or since learning that he was the biological father.
The Court finds by clear and convincing evidence, that as of 10/22/01, the date of the filing of the petition, there was no ongoing parent-child relationship between the Andrew C. and his father. Andrew does not recognize Mr. C. as his father and has exhibited fearful and uncomfortable behaviors during visitation with him. Andrew does not look to Mr. C. for care, nurturance, guidance and comfort. Andrew has no present memories of Mr. C. since he has only seen him six (6) times in his CT Page 1297-ay life.
REQUIRED FINDINGS
The court makes the following factual findings based upon the clear and convincing evidence required by C.G.S. Sec. 17a-112 (e):
(1) Appropriate and timely services were provided by the Department to father. Father was informed by the Department what he needed to do be considered as a viable, safe resource for his son, i.e., address his substance abuse problems, have adequate income and housing and visit his son. These were appropriate services under the circumstances of this case.
(2) The court finds by clear and convincing evidence that the Department made reasonable efforts to reunify this child with Mr. C. pursuant to the Federal Adoption Assistance and Child Welfare Act of 1980. Father has made minimal efforts to avail himself of services offered to assist him in reuniting with Andrew; and has made minimal efforts to maintain contact with his son or the Department.
(3) The Department set reasonable and realistic goals for the father. Father was unable to successfully comply with the minimal services offered. He failed to attend the substance abuse evaluation or engage in any treatment. There was no evidence as to whether he has maintained adequate income or housing.
(4) Regarding the child's emotional ties to his father, Andrew has no real connection or bond to his father. Andrew is now 17 (seventeen) months old and Mr. C. has not seen him since 6/29/01. Andrew does not recognize Mr. C. as his father in that he would not seek comfort from or go to him to have his needs met. Andrew is bonded to his foster parents with whom he has lived since August, 2000. He seeks comfort from them and goes to them to have his needs met.
(5) Andrew is now 17 (seventeen) months old and has never been in the care of his father. He is in need of permanency and to allow further time for the establishment or re-establishment of a parent-child relationship with Wayne C. would be detrimental to the best interests of this child.
(6) Regarding efforts of his circumstances, conduct or conditions to make it is the best interests of the child to be placed in his home in the foreseeable future and (A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the child with him, and (B) the maintenance of regular contact or communications with the guardian or other custodian of the child: Mr. C. CT Page 1297-az has had minimal contact with the Department to inquire about the welfare of his son, and last contacted them in August, 2001. He has not involved himself in services which would assist him in becoming a parent to his child. He only visited Andrew 6 (six) times and has not seen him since 6/29/01.
(7) No inappropriate conduct is noted on the part of anyone which would have prevented the father from having a meaningful relationship with his child. The Department took reasonable steps to encourage the father to do what was necessary to be able to become involved in the life of his child. There was no evidence that economic circumstances prevented these father from having a meaningful relationship with his child.
DISPOSITION
Andrew C. requires stability which this parent is unable now, or within a reasonable period of time, to provide for him.
It is, therefore, in the best interest of Andrew C. that a termination of parental rights enter with respect to his father, Wayne C., and accordingly, a termination of their parental rights is
ORDERED.
Denise C., mother of Andrew, remains as his sole parent and a trial will go forward regarding her parental rights.
Patricia Lilly Harleston, Judge